Troy C. SMITH, Plaintiff–Appellant

v.

CITY OF ST. ANN, Defendant–
Appellee.

No. 13–2801.

United States Court of Appeals,
Eighth Circuit.

Submitted: May 7, 2014.

Filed: Aug. 12, 2014.

Gregory Fenlon, Saint Louis, MO, for
Plaintiff–Appellant.

William A. Hellmich, Blake Hill, King &
Krehbiel, Saint Louis, MO, for Defendant–
Appellee.

Before BYE, GRUENDER, and
SHEPHERD, Circuit Judges.

PER CURIAM.

Troy Smith appeals the district court's[1]
adverse grant of summary judgment in
this 42 U.S.C. § 1983 action against the
City of St. Ann, Missouri (City). On ap-
peal, Smith argues that he and his wife's
multiple complaints to City employees and
officials about Smith's injury, which was
left untreated for seven days in City's jail,
constituted sufficient evidence to hold City
liable under section 1983. Smith also ar-
gues that he and his wife complained to
the highest ranking City officials, and that
these officials' inaction was sufficient to
establish municipal liability.

Upon careful de novo review, we con-
clude that the district court did not err in
granting summary judgment. *See Scheel-
er v. City of St. Cloud, Minn.*, 402 F.3d
826, 830 (8th Cir.2005) (de novo review).
First, we agree with the district court that
Smith's evidence did not sufficiently estab-
lish a City policy or custom that would
subject City to section 1983 liability. *See
Monell v. Dep't of Soc. Servs.*, 436 U.S.
658, 690–91, 98 S.Ct. 2018, 56 L.Ed.2d 611
(1978) (local government body may be held
liable under § 1983 only if alleged uncon-
stitutional conduct implements official poli-
cy or custom); *Johnson v. Douglas Cnty.
Med. Dep't*, 725 F.3d 825 (8th Cir.2013) (to
establish "custom" liability of local govern-
ment entity under § 1983 for failure to
provide medical care, plaintiff must dem-
onstrate (1) existence of continuing, wide-
spread, persistent pattern of unconstitu-
tional misconduct by governmental entity's
employees, (2) deliberate indifference to or
tacit authorization of such conduct by gov-
ernmental entity's policymaking officials
after notice to officials of that misconduct,
and (3) custom was moving force behind
constitutional violation). Second, we con-
clude that Smith produced insufficient evi-
dence to raise a triable issue as to whether
a final policymaker's actions subjected
City to section 1983 liability. *See Russell
v. Hennepin Cnty.*, 420 F.3d 841, 846 (8th
Cir.2005) (municipal officials who have fi-
nal policymaking authority may, by their
actions, subject government to § 1983 lia-
bility); *see also Mason v. Corr. Med.
Servs., Inc.*, 559 F.3d 880, 885 (8th Cir.

---

1. The Honorable E. Richard Webber, United
States District Judge for the Eastern District of Missouri.

2009) (nonmoving party may not rely on inadmissible hearsay to avoid summary judgment).

Accordingly, we affirm. *See* 8th Cir. R. 47B.